# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| ARIANE D. GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:20-cv-02305-TLP-atc |
| v. | ) | |
| | ) | |
| BLUES CITY BRWERY, LLC | ) | |
| a Domestic Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, Blues City Brewery, LLC ("Blues City" or the "Company"), submits the

following proposed jury instructions:

## STATEMENT OF CASE

The plaintiff in this action, Ariane Grant, alleges that she was discriminated against based on her sex (female) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") when she was suspended for three (3) days, and subsequently terminated from Blues City for making a false allegation against a co-worker.

Blues City denies that the Plaintiff was discriminated against based on her sex. Blues City asserts that there is no evidence that the Plaintiff was treated any differently because she is a female. Accordingly, Blues City contends that the Plaintiff's sex discrimination claim fails.

## ALL PERSONS EQUAL BEFORE THE LAW

You should consider and decide this case as a dispute between persons of equal standing in the community of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations stand equal before the law, and are to be treated as equals.

**Authority:** O'Malley, Grenig & Lee, Federal Jury Practice and Instructions -- Civil, Vol. 3 § 103.12 (5th ed. 2000).

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way. Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff proved that Blues City is liable by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole. The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls. Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Authority:** Sixth Circuit Pattern Jury Instructions § 1.02.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations to which the lawyers agreed. Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence. During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Authority:** Sixth Circuit Pattern Jury Instructions § 1.04.

## **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Authority:** Sixth Circuit Pattern Jury Instructions § 1.05.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Authority:** Sixth Circuit Pattern Jury Instructions § 1.06.

## CREDIBILITY OF WITNESSES

You are the sole and exclusive judges of the credibility or believability of the witnesses who have testified in this case. You must decide which witnesses you believe and how important you think their testimony is. You are not required to accept or reject everything a witness says. You are free to believe all, none, or part of any person's testimony.

In deciding which testimony you believe, you should rely on your own common sense and everyday experience. There is no fixed set of rules to use in deciding whether you believe a witness, but it may help you to think about the following questions:

1. Was the witness able to see, hear, or be aware of the things about which the witness testified?

2. How well was the witness able to recall and describe those things?

3. How long was the witness watching or listening?

4. Was the witness distracted in any way?

5. Did the witness have a good memory?

6. How did the witness look and act while testifying?

7. Was the witness making an honest effort to tell the truth, or did the witness evade questions?

8. Did the witness have any interest in the outcome of the case?

9. Did the witness have any motive, bias or prejudice that would influence the witness' testimony?

10. How reasonable was the witness' testimony when you consider all of the evidence in the case?

8

11. Was the witness' testimony contradicted by what that witness has said or done at another time, by the testimony of other witnesses, or by other evidence?

12. Has there been evidence regarding the witness' intelligence, respectability, or reputation for truthfulness?

13. Did the witness admit that any part of the witness' testimony was not true?

**Authority:** Tennessee Pattern Jury Instructions ("TPI") – Civil § 2.20

## DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony. You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**Authority:** O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, Vol.

3 § 105.01 (5th ed. 2000).

## <u>IMPEACHMENT – INCONSISTENT STATEMENTS OR CONDUCT</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authority:** O'Malley, Grenig & Lee, Federal Jury Practice and Instructions – Civil, Vol. 3 § 105.04 (5th ed. 2000).

## <u>LAWYERS' OBJECTIONS</u>

There is one more general subject that I want to talk to you about before I begin explaining the substantive elements of the Plaintiff's claims and Blues City's defenses. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in Court.

**Authority:** Sixth Circuit Pattern Jury Instructions § 1.09

## BURDEN OF PROOF – PREPONDERANCE OF EVIDENCE

In this action, the Plaintiff has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove that Blues City suspended and subsequently terminated her because she is a female.

The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that an allegation is probably true. To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not true. If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed. You must consider all the evidence on each issue.

**Authority:** TPI – Civil § 2.40 (modified)

14

## TITLE VII DISCRIMINATION – PLAINTIFF'S *PRIMA FACIE* CASE

Plaintiff claims that Blues City discriminated against her based on her gender.

To establish a *prima facie* case of unlawful gender discrimination under Title VII, the Plaintiff must prove, by a preponderance of the evidence, each one of the following elements:

(1) That the Plaintiff is a member of a protected category;

(2) That the Plaintiff was qualified for the position;

(3) That she was subjected to an adverse employment action; and

(4) That her employer treated similarly-situated persons outside her protected class more favorably.

If you find that the Plaintiff has failed to prove any one of the elements set out in these instructions, then you must find for Blues City. If you find that the Plaintiff has proven each of the elements by a preponderance of the evidence, then you must next decide whether Blues City has articulated a legitimate, non-discriminatory reason for the treatment of the Plaintiff.

**Authority:** *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992); *Boyd v. Harding Academy*, 88 F.3d 410 (6th Cir. 1996).

## **TITLE VII DISCRIMINATION – SIMILARLY-SITUATED EMPLOYEES**

In order for the Plaintiff to establish a *prima facie* case of gender discrimination, she must prove that Blues City treated similarly-situated employees not in her protected class - *i.e.*, male employees - more favorably than it treated her. In order to make a comparison of her treatment to the treatment of an employee not in her protected class, the Plaintiff must show that the comparable employee was similarly-situated in all respects. Thus, to be deemed "similarly-situated," the individual with whom the Plaintiff compares herself must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish her conduct or her employer's treatment of her for it.

In this case, the Plaintiff claims that Pierre Davis and Terrence Fennell were "similarly-situated" employees outside her protected class who were treated more favorably. If you find that Davis and Fennell were not similarly-situated to the Plaintiff or that they were not treated more favorably than the Plaintiff, you must find for the Blues City on Plaintiff's Title VII discrimination claim.

**Authority:** *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992).

## TITLE VII DISCRIMINATION – DEFENDANT'S LEGITIMATE NON-DISCRIMINATORY REASON

If, and only if, you first determine that the Plaintiff has established a *prima facie* case of unlawful discrimination by a preponderance of the evidence, Blues City then has the burden of articulating a legitimate, non-discriminatory reason for its actions. You must consider any legitimate, non-discriminatory reason or explanation stated by the Defendant for its decisions.

A legitimate, non-discriminatory reason is any reason or explanation unrelated to the Plaintiff's gender. In considering the legitimate, non-discriminatory reason stated by Blues City for its decisions, you are not to second-guess the correctness of that decision or to otherwise substitute your judgment for that of Blues City.

In this case, the Plaintiff bears the ultimate burden of persuading the jury that Blues City intentionally discriminated against her because of her gender. The Defendant is, therefore, not required to prove that its decisions were actually motivated by the stated legitimate, non-discriminatory reason. Nor must the Defendant prove the absence of a discriminatory motive. Rather, once the Defendant has produced evidence of any legitimate reason, the Plaintiff must prove that the reason was a pretext for discrimination.

**Authority:** American Bar Association, MODEL JURY INSTRUCTIONS FOR EMPLOYMENT LITIGATION, § 1.02 [3][a][b]; *McDonnell Douglass Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971).

## BUSINESS JUDGMENT

When deciding Plaintiff's discrimination claim, you must keep in mind that an employer is entitled to make business decisions for any reason, whether good or bad, so long as those decisions are not motivated by a factor that is illegal, such as discrimination. Accordingly, Blues City is entitled to make its own subjective personnel decisions, regardless of whether or not you agree with the decision, and can make a decision about suspending or terminating an employee for any reason that is not discriminatory. It is not your function as jurors to second-guess the decision Blues City made with regard to the Plaintiff if that decision was otherwise lawful. Likewise, you may not find for the Plaintiff and against Blues City just because you may disagree with Blues City's stated reasons for suspending or terminating the Plaintiff, or because you believe that the decision was harsh or unreasonable. Instead, your function is to determine only whether in making its decision to suspend and subsequently terminate the Plaintiff, Blues City broke the law by permitting her gender to be the determining factor in that decision.

**Authority:** McNamara & Southerland, Federal Employment Jury Instructions (2005), §3:361, §2:540; *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 576 (1978); *Norbuta v. Loctite Corp.*, 1 F. App'x 305, 314 (6th Cir. 2001); *Walker v. AT&T Technologies*, 995 F.2d 846, 849 (8th Cir. 1993).

## **EMPLOYER'S HONEST BELIEF**

Plaintiff's disagreement with Defendant's honest belief of what happened does not create evidence of discrimination. Under the honest belief rule, as long as an employer holds an honest belief in its proffered non-discriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual even if it is ultimately shown to be incorrect. An employer is not required to conduct a perfect investigation of workplace misconduct. It is sufficient that Blues City had an honest belief in its reasons for terminating the Plaintiff. An honest belief is one where the employer reasonably relied on the particularized facts that were before it at the time the decision was made.

**Authority:** *Todd v. RBS Citizens, N.A.*, 483 Fed. Appx. 76, 83 (6th Cir. 2012); *Seeger v. Cincinnati Bell Telephone Co, LLC*, 681 F.3d 274, 285-86 (6th Cir. 2012); *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001).

**PRETEXT**

In the third and final step of the analysis, the burden of proof remains, as always with the Plaintiff.  In the third step, you must determine whether Blues City's proffered non-discriminatory reason was the real reason that the Plaintiff was suspended or terminated, or whether unlawful discrimination was a motivating factor in the decision.  At this stage, you must determine whether you believe Blues City's asserted reason or if you think the reason is a cover-up for discrimination (i.e. whether the reason is "pretextual").  It is the Plaintiff's ultimate burden at this stage to prove, by a preponderance of the evidence, that she was the victim of unlawful discrimination.

To show that Blues City's reason is pretextual, Plaintiff must do more than demonstrate that Blues City made a mistake or that the reason was not good enough to support its decision.  Therefore, even if you decide that Blues City's conclusion regarding whether she lied was mistaken or you disagree with the sufficiency of Blues City's investigations, this is not enough for you to conclude that the reason is a pretext for intentional discrimination.

It is important to remember that the ultimate burden of proof always remains with the plaintiff to prove, by a preponderance of the evidence, that she was the victim of unlawful discrimination.  Should you disbelieve Blues City's stated reasons for suspending or terminating Plaintiff (in other words, find that the reasons are pretextual), such a conclusion does not compel you to enter a judgment for the Plaintiff.  The ultimate question in this case is whether Blues City intentionally discriminated against the Plaintiff because of her sex when suspending her or terminating her employment.  If there is proof that Blues City's stated reason for suspension or termination is unpersuasive, or even contrived, this proof does not necessarily establish that the Plaintiff was intentionally discriminated against.  In other words, it is not enough to disbelieve the

employer; you must believe that Plaintiff's explanation - that her suspension or termination was motivated by illegal discrimination - is true.

**Authority:** *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1994); *Reeves v. Sanderson Plumbing Prod. Inc.*, 530 U.S. 133, 147 (2000); *Kurincic v. Stein, Inc.*, 30 Fed.Appx. 420,425 (6th Cir. 2002); *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 514 (6th Cir. 2003); *White v. Baxter Healthcare Corp.*, 533 F.3d 381 (6th cir. 2008); *Wilson v. Rubin*, 104 S.W.3d 39,49 (Tenn. Ct. App. 2002).

## TITLE VII DISCRIMINATION – DEFENDANT'S BURDEN OF PROOF

Blues City does not have to persuade you of its reasoning in its employment decisions. Once the Defendant has stated a legitimate reason for its decision, the burden is on the Plaintiff to demonstrate that the Defendant's reason is false and used to disguise discrimination against the Plaintiff. If the Plaintiff's evidence does not show by a preponderance of evidence that the Defendant's reason is a pretext for discrimination, then you must find for the Defendant.

**Authority:** *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742, 2752 (1993); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252 (1981); *EEOC v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir. 1992); *McNairn v. Sullivan*, 929 F.2d 974, 977 (4th Cir. 1991).

## **PLAINTIFF'S SUBJECTIVE BELIEFS**

The Plaintiff's subjective belief, hypothesis, speculation, or conjecture that she was the victim of sex discrimination is not sufficient to carry her ultimate burden of proving that Blues City unlawfully discriminated against her.


**Authority:** *Chappell v. GTE Products Corp.*, 803 F.2d 261,267 (6th Cir. 1986), cert denied, 480 U.S. 919 (1987); *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160, 1162 (6th Cir. 1990).

## **STATEMENTS OF COUNSEL**

You must not consider as evidence any statements of counsel made during the trial. If, however, counsel for the parties have stipulated to any fact, or any fact that has been admitted by counsel, you will regard that fact as being conclusively established.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection, and you must assume that the answer would be of no value to you in your deliberations.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the Court. Such matter is to be treated as though you had never known it.

You must never speculate to be true any insinuation suggested by a question asked a witness. A question is not evidence. It may be considered only as it supplies meaning to the answer.


**Authority:** Chief Judge Jon Phipps McCalla's Sample Jury Instructions.

## ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Authority:** Devitt, Blackmar & Wolff, FEDERAL JURY PRACTICE AND INSTRUCTIONS, CIVIL (Fourth Ed., West Publishing Co., 1987) § 73.11.

**<u>DAMAGES</u>**

In this case, if you find for Blues City, you will not be concerned with the question of damages. But if you find in favor of the Plaintiff, you will of course be concerned with the questions of damages. It is my duty to instruct you as to the proper measure of damages to be applied in that circumstance.

**Authority:** Judge Bernice B. Donald, Model Jury Instructions – Civil

## PROXIMATE CAUSE

In order to recover damages for any injury, the Plaintiff must prove that Blues City's acts were a proximate cause of the harm sustained by Plaintiff. Proximate cause means that there must be a sufficient causal connection between the acts or omissions of Blues City and any injury sustained by Plaintiff. An act or omission is a proximate cause if it was a motivating factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of Blues City's act or omission. If an injury was a direct result or a reasonably probable consequence of Blues City's acts or omissions, it was proximately caused by such act or omission. In other words, if Blues City's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

**Authority:** Judge McCalla, Sample Jury Instructions, *White v. The Burlington Northern & Santa Fe Ry. Co.*, Case No. 2:99cv02733 (*as modified*).

## <u>BASIS FOR AWARD</u>

Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of damages that you may decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, bias, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

In addition, the amount of damages claimed in the argument of either counsel must not be considered by you as evidence of reasonable compensation.

**Authority:** Judge McCalla, Sample Jury Instructions*, White v. The Burlington Northern & Santa Fe Ry. Co.*, Case No. 2:99cv02733 (*as modified*).

## **BACK PAY**

If you find that Blues City violated Title VII, then you must award the Plaintiff the actual damages that she has sustained as a result of the **discriminatory** actions of Blues City. The damages you may award are:

Back pay and the present value of any lost employment benefits. Back pay is the sum of: 1) Plaintiff's wages during the three day suspension; and/or 2) wages Plaintiff would have earned in the position from the date of her termination through the date of her subsequent employment.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this instruction by way of punishment or through sympathy.

## **MITIGATION**

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is called mitigation of damages.

If you determine that Plaintiff is entitled to damages, you must reduce these damages by 1) what Plaintiff earned or 2) what Plaintiff could have earned by reasonable effort from the date of her termination until the date of trial.

**Authority:** Judge Bernice B. Donald, Model Jury Instructions – Civil (*modified*).

## COMPENSATORY DAMAGES UNDER TITLE VII

If you find that Blues City is liable for sex discrimination, you may award Plaintiff reasonable compensation for the following: future money losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

In arriving at the amount of your verdict, you should consider Plaintiff's condition of health before and after the occurrence in question, and the nature, extent, and duration of the alleged injuries.

There is no mathematical formula for computing reasonable compensation for physical pain and suffering, emotional pain and suffering, loss of capacity for the enjoyment of life, nor is the opinion of any witness required as to the amount of such compensation.

In making an award for such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.

**Authority:** 42 U.S.C. § 1981a(b)(3); Judge Bernice B. Donald, Model Jury Instructions - Civil (*modified*).

## **<u>SYMPATHY</u>**

The Court cautions you to guard against appeals to the sympathy of the jury when assessing this case.

The Court instructs you that any perceived lack of fairness toward the Plaintiff does not equal discrimination. If you find that Plaintiff has proven her claim by a preponderance of the evidence, you are instructed to make your decision as to the appropriate amount of damages, if any, based upon the evidence presented and not on the basis of any sympathy you may feel for Plaintiff. If you find that Blues City engaged in wrongful, illegal conduct, you should assess as damages the amount you find justified by the preponderance of the evidence, no more and no less. If, on the other hand, you find that Blues City is not liable for the conduct complained of, then you should not assess damages against it.

**Authority:** ABA Section Of Litigation Pattern Jury Instructions 1.12[1](2).

## NOMINAL DAMAGES

If you find that Plaintiff is entitled to a verdict on liability in accordance with these instructions, but do not find that Plaintiff has sustained substantial damages, then you may return a verdict for Plaintiff in a nominal sum, such as one dollar.


**Authority:** 3C Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions – Civil § 171.93 (5th ed. 2000).

DATED this 9th day of August, 2022.

Respectfully submitted,

s/Louis P. Britt III, Esq.
Louis P. Britt III (TN No. 5613)
Mollie K. Wildmann (TN Bar # 037012)
FORD HARRISON LLP
1715 Aaron Brenner Drive, Suite 200
Memphis, Tennessee 38120
Telephone: (901) 291-1500
Facsimile:  (901) 291-1501
lbritt@fordharrison.com
mwildmann@fordharrison.com

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 9th day of August, 2022, I filed the foregoing with the Clerk of

the Court upon the following attorney of record via the Court's CM/ECF system:

Ralph T. Gibson (#14861)
Gibson Perryman Law Firm
22 N. Front Street, Ste. 650
Memphis, Tennessee  38103
Telephone: (901) 843-2466
ralph@gibsonperryman.com

**ATTORNEY FOR PLAINITFF**

s/Louis P. Britt III, Esq.

34